FILED: 1/10/2020 1:50 PM
David Trantham
Denton County District Clerk
By: Kristie Kaviani, Deputy

CAUSE NO. 20-0282-362

| | | |
|---|---|---|
| DEBORAH S. SARNO | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| v. | § § | DENTON COUNTY, TEXAS |
| SOUTHWESTERN EXPRESS, INC., and LENARD L. BOWDEN | § § § | |
| *Defendants.* | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

COMES NOW, DEBORAH S. SARNO, Plaintiff in the above-styled and numbered cause of action, complaining of SOUTHWESTERN EXPRESS, INC., AND LENARD L. BOWDEN ("Defendants"), in support thereof, would show unto this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.1  Pursuant to Texas Rule of Civil Procedure 190.4, the discovery of this case is to be conducted under Discovery Control Plan Level 3.

### II. CLAIM FOR RELIEF

2.1  Plaintiff seeks monetary relief over $50,000.00.

### III. PARTIES

3.1  Plaintiff, DEBORAH S. SARNO ("Plaintiff SARNO") is a resident of Denton County, Texas.

3.2  Defendant LENARD L. BOWDEN ("Defendant BOWDEN") is an individual resident of the State of Oklahoma. This action arises out of an accident in which Defendant BOWDEN was involved while operating a motor vehicle in this state; therefore, service upon Defendant



1

BOWDEN may be made pursuant to Texas Civil Practices and Remedies Code §§ 17.061 – 17.069. Process should be served on Defendant BOWDEN by serving J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, at 125 E. 11th St., Austin, Texas 78701, to be forwarded to the last known address for Defendant BOWDEN: **3416 SE 47th St., Oklahoma City, OK, 73135.**

3.3     Defendant SOUTHWESTERN EXPRESS, INC., ("Defendant SOUTHWESTERN") is a foreign for profit Corporation and/or may be served with process by delivering, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to: **Don Cox, 5001 NE 23rd St, Oklahoma City, OK 73121.**

## IV. JURISDICTION & VENUE

4.1     This Court has jurisdiction in this cause since the damages to Plaintiff SARNO are within the jurisdictional limits of this Court.

4.2     Pursuant to Sections 15.001 et seq. of the Texas Civil Practice and Remedies Code, this venue is proper because the incident made the basis of this suit occurred in Denton County, Texas. Further, this venue is proper because it best serves the convenience of the parties and witnesses, as well as the interests of justice.

4.3     Plaintiff has satisfied all conditions precedent to bringing this lawsuit.

4.4     Plaintiff did nothing to cause or contribute to this occurrence.

4.5     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of damages for monetary relief over $1,000,000. In the alternative, Plaintiff seeks recovery of damages for monetary relief under $1,000,000 but in excess of $200,000.



2

## V. AGENCY

5.1 Whenever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives did such an act or thing and that at the time such act or thing was done, it was done with the full authority or ratification of or by Defendants, or was done in the normal and routine course and scope of employment or official duties and in furtherance of the duties of their office or employment of Defendants' officers, agents, servants, employees, or representatives.

## VI. FACTS

6.1 On or about June 14, 2019, Plaintiff SARNO was driving a 2000 grey BMW 525-I, traveling northbound on Interstate 35. Defendant BOWDEN was driving a 2012 red tractor trailer, traveling northbound on Interstate 35 alongside the Plaintiff, when BOWDEN attempted to make an unsafe lane change, striking Plaintiff's vehicle. Plaintiff SARNO suffered severe, excruciating, and painful debilitating injuries.

Defendant BOWDEN was driving a motor vehicle owned and/or leased by Defendant SOUTHWESTERN and was acting within the course and scope of his employment with Defendant SOUTHWESTERN.

## VII. NEGLIGENCE OF DEFENDANT LENARD L. BOWDEN

7.1 The collision made the basis of this lawsuit resulted from the improper conduct of Defendant driver BOWDEN. The conduct of this Defendant constituted negligence and negligence *per se* as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff SARNO made the basis of this suit. This Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

3



Case 4:20-cv-00147-SDJ Document 4 Filed 02/27/20 Page 4 of 8 PageID #: 51

    a.    failing to apply the brakes properly and/or in a timely manner;

    b.    failing to maintain a proper lookout;

    c.    failing to maintain his lane of travel;

    d.    changing lanes when it was unsafe;

    e.    failing to control his speed;

    f.    failing to take proper evasive action; and

    g.    other acts of negligence and negligence *per se*.

7.2     One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants constituted negligence and negligence *per se*. Such negligence was a proximate cause of Plaintiff DEBORAH S. SARNO's injuries and damages.

### VIII. NEGLIGENCE OF SOUTHWESTERN EXPRESS, INC.,

8.1     Defendant SOUTHWESTERN was the employer of Defendant BOWDEN. The conduct of Defendant BOWDEN constituted negligence and negligence *per se* as that term is known in the law. Such negligent acts or omissions include, but are not limited to the following:

    a.    allowing Defendant BOWDEN to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

    b.    entrusting a vehicle to Defendant BOWDEN even though it knew or should have known he was a reckless or incompetent driver;

    c.    failing to properly train Defendant BOWDEN in the safe operation of a motor vehicle;

    d.    retaining Defendant BOWDEN after it knew or should have known that he was a reckless or incompetent driver;

    e    failing to establish and enforce safety rules and regulations;



    f.    failing to properly educate, instruct, and supervise the performance of Defendant BOWDEN's duties;

    g.    failing to provide proper safety manuals and instructions to employees responsible for safety;

    h.    failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment; and

    i.    other acts of negligence and negligence *per se*.

8.2    One, some, or all of the foregoing acts and/or omissions or others on the part of Defendants constituted negligence and negligence *per se*. Such negligence was a proximate cause of Plaintiff DEBORAH S. SARNO's injuries and damages.

## IX. RESPONDEAT SUPERIOR

9.1    Defendant, SOUTHWESTERN controlled the vehicle driven by Defendant, BOWDEN. At all times material to this lawsuit, Defendant BOWDEN was an employee of Defendant SOUTHWESTERN and was acting within the course and scope of his employment with this Defendant SOUTHWESTERN. Consequently, Defendant SOUTHWESTERN is vicariously liable to Plaintiff for the negligent conduct of Defendant BOWDEN under the theory of *respondeat superior*.

## X. DAMAGES

10.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.



5

10.2    Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.    past and future physical pain and suffering and mental anguish;

    b.    past and future disfigurement;

    c.    past and future physical impairment;

    d.    past and future medical care expenses;

    e.    past and future loss of earning capacity; and

    f.    past and future out-of-pocket economic losses.

10.3    Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

10.4    Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

## XI. PRESERVATION OF EVIDENCE

11.1    Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.



## XII. JURY DEMAND

12.1 Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## XIII. REQUEST FOR DISCLOSURE

13.1 Pursuant to Rule 194, request is made that Defendants disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l). Defendants must serve a written response to this Request for Disclosure on Plaintiff within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XIV. CERTIFICATE OF WRITTEN DISCOVERY

14.1 Plaintiff has served contemporaneously with this petition Requests for Disclosure to Defendants.

## XV. RULE 193.7 NOTICE

15.1 Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for



such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

_____

Langdon "Trey" Smith
lsmith@jimadler.com
State Bar No. 00797456
**Michael Gomez**
mgomez@jimadler.com
State Bar No. 24029578
**Barrett Beck**
bbeck@jimadler.com
State Bar No. 24103837
3D/ International Tower
1900 West Loop South, 20th Floor
Houston, Texas 77027
T: (713) 735-2114
F: (713) 781-2514
**ATTORNEYS FOR PLAINTIFF**

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
DAVID TRANTHAM
DENTON COUNTY DISTRICT CLERK
2-21-20 By: _____ Deputy Clerk

8